# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50404
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kelsey Lynn Wilkerson,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:22-CR-445-2

———————————————————

Before Elrod, *Chief Judge*, and Haynes, and Duncan, *Circuit Judges*.
Per Curiam:[*]

Kelsey Lynn Wilkerson pleaded guilty to one count of conspiring to transport illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and she was sentenced to a within-Guidelines sentence of 27 months' imprisonment. On appeal, Wilkerson asserts that the district court erred in: (1) applying the U.S.S.G. § 2L1.1(b)(6) enhancement

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for an offense that involves "intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person"; and (2) declining to apply an offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

The district court did not clearly err in applying the § 2L1.1(b)(6) enhancement. *See United States v. Garza*, 541 F.3d 290, 292 (5th Cir. 2008). Applying the relevant conduct principles of U.S.S.G. § 1B1.3(a), it is plausible in light of the record as a whole that the reckless conduct of Wilkerson's co-conspirators—transporting aliens in a vehicle's trunk—was reasonably foreseeable to her given her knowing participation in the conspiracy to transport illegal aliens in their vehicles. *See Garza*, 541 F.3d at 293–94; *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442–43 (5th Cir. 2008).

Furthermore, the district court's determination that Wilkerson failed to clearly accept responsibility for her offense is not "without foundation" in the record. *United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019); *see United States v. Medina-Anicacio*, 325 F.3d 638, 648 (5th Cir. 2003). Accordingly, the district court did not err in declining to apply the § 3E1.1 adjustment for acceptance of responsibility. *See Lord*, 915 F.3d at 1017, 1020.

AFFIRMED.